Filed 8/22/24  Moresun Development v. Village Park Redlands Homeowners Assn. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| MORESUN DEVELOPMENT, | |
| Plaintiff and Respondent, | E081821 |
| v. | (Super. Ct. No. CIVDS1922050) |
| VILLAGE PARK REDLANDS HOMEOWNERS ASSOCIATION, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Sachs, Judge.  Affirmed.

Law Offices of Thomas N. Jacobson, and Thomas N. Jacobson, for Defendant and Appellant.

Neufeld Marks, Paul S. Marks, and Yuriko M. Shikai, for Plaintiff and Respondent.

I.

INTRODUCTION

Defendant and appellant, Village Park Redlands Homeowners Association appeals a judgment largely in plaintiff and respondent, Moresun Development's favor after a one-day bench trial. Because of Village's failure to provide an adequate record on appeal, we affirm.

II.

FACTUAL AND PROCEDURAL BACKGROUND[1]

Moresun sued Village for three claims arising out of the parties' dispute over four parcels of land in Redlands: (1) quiet title, (2) trespass, and (3) declaratory relief.[2] Village filed a cross-complaint against Moresun for similar claims concerning the same parcels.[3]

The case culminated in a one-day bench trial on the parties' respective claims. At the trial, both parties submitted their own exhibits (all of which were admitted), and two witnesses testified for Moresun. After the trial, the parties filed post-trial briefs, proposed statements of decision (SOD), and replies to the corresponding proposed SOD.[4]

---

[1] We provide only a brief recitation of the background given how we resolve this appeal.

[2] Moresun's complaint is not in Village's appellant's appendix (the AA).

[3] Village's cross-complaint is not in the AA.

[4] None of these filings are in the AA.

The trial then issued its SOD.[5] Six weeks later, and without anything further substantive filings, the trial court issued its judgment, which is almost entirely in Moresun's favor. On its first claim for quiet title, the court found that Moresun was "entitled to Quiet Title" on all four parcels subject to an easement-by-necessity for Village. On Moresun's second claim for trespass, the court awarded Moresun $1 in nominal damages. And on its third claim for declaratory relief, the court "deemed [Moresun] the Fee Simple owner" of the parcels, subject to Village's easement-by-necessity. As for Village's cross-complaint, the court found that Village was not entitled to anything beyond the easement.

Village timely appealed.

## III.

## DISCUSSION

Village argues the trial court's judgment was wrong for four reasons. First, Village argues the boundary between the parties' properties was an "agreed boundary" that Moresun was precluded from challenging. Second, Village argues it was entitled to an equitable easement, not an easement-by-necessity. Third, Village argues it was alternatively "entitled to a finding of an easement by necessity." (Emphasis omitted.) Fourth, Village argues that it is "entitled to a finding it has a prescriptive right for the use of the areas raised in the litigation." (Emphasis omitted.)

---

[5] The SOD is not in the AA.

3

We cannot properly consider these arguments and Moresun's responses to them, however, because the record on appeal—Village's appendix—is inadequate.

The appellant bears the burden of providing an adequate record on appeal. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.)  When an appellant fails to provide an adequate record, we cannot meaningfully review the trial court's decisions.  (*Ibid*.)  As a result, an appellant's "[f]ailure to provide an adequate record on an issue requires that the issue be resolved against [the appellant]."  (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.)  In other words, when the appellant fails to provide an adequate record, we assume everything the trial court did was correct and that it should be affirmed.  (See *Jameson v. Desta*, *supra*, at p. 609.)

The only documents in Village's AA are the judgment, the register of actions, Village's trial exhibits, its notice of appeal, and its notice designating the record on appeal (which states that Village will submit its own appendix as the record on appeal). A number of important filings thus are not in Village's AA, including Moresun's complaint and Village's cross-complaint, *any* of Moresun's trial exhibits, the parties' proposed SODs and replies thereto the parties' post-trial briefs, and the trial court's SOD.

Without these filings (particularly Moresun's exhibits, the SOD, and the parties' related filings), our review of the judgment is effectively impossible.  (See *Sanders v. Walsh* (2013) 219 Cal.App.4th 855, 873-874 [appellants' failure to provide appellate court with all trial exhibits created "an insufficient record to fully consider their contention"]; *Thompson v. Asimos* (2016) 6 Cal.App.5th 970, 982 ["A proper statement

of decision is . . . essential to effective appellate review."].) Village's inadequate record precludes us from meaningfully reviewing the judgment because we can only guess at the trial court's underlying findings, rulings, and reasoning as outlined in its SOD—virtually none of which Village even mentions in its opening brief. Our standard of review requires us to review *all* of the material evidence and construe it in Moreson's favor. (See *Estate of Young* (2008) 160 Cal.App.4th 62, 75-76.) We cannot do that on this record, especially given that the AA lacks the SOD and Moreson's trial exhibits. (*Thompson v. Asimos*, *supra*, at p. 982 ["'Without a statement of decision, the judgment is effectively insulated from review by the substantial evidence rule'" because appellate court has "no means of ascertaining the trial court's reasoning or determining whether its findings on disputed factual issues support the judgment as a matter of law"].)

Although Moresun pointed out the record problems in its respondent's brief, Village provides no justification or explanation for the inadequate record and instead ignores the issue. Under these circumstances, we can and do assume that the trial court made every finding necessary to support its judgment. (See *Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416; *Moreno v. City of King* (2005) 127 Cal.App.4th 17, 30.) Thus, on this woefully inadequate record, Village fails to show that the trial court erred, so we must affirm the judgment. (See *Foust v. San Jose Construction Co., Inc.*, *supra*, 198 Cal.App.4th at p. 187; *Jameson v. Desta*, *supra*, 5 Cal.5th at p. 609.)

## IV.

## DISPOSITION

The judgment is affirmed.  Moresun may recover its costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

MILLER
Acting P. J.

RAPHAEL
J.